IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JIMMIE BOZEMAN, #163 240                          *

      Plaintiff,                                      *

        v.                                           * CIVIL ACTION NO. 2:05-CV-847-T
                                                   (WO)

OFFICER ARTIS JAMES, *et al.*,                    *

      Defendants.                                    *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Jimmie Bozeman, is an inmate incarcerated at the Bullock County Correctional Facility.  He brings this  42 U.S.C. § 1983 complaint against Correctional Officers James, Ellis, Blue, and Curry.  Upon review of Plaintiff's complaint, the court finds that it should be dismissed under 28 U.S.C. § 1915(e)(2)(B).[1]

## I.  DISCUSSION

Plaintiff complains that Officer James is harassing him about his sex life with other

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Thus, notwithstanding payment of the filing fee or any initial partial filing fee, this court must dismiss a case prior to service of process if the court determines that the action is  subject to dismissal under  the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) or (iii).

inmates. Plaintiff contends that such matters are his personal business and are of no concern to Officer James or anyone else.    (Doc. No. 1.)

Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards,  *Women Prisoners of the Dist. of Columbia Dept. of Corrections,* 877 F. Supp. 634, 665 (D.D.C.1994), the Eighth Amendment protections do not necessarily extend to mere verbal sexual harassment.   Although issues may be posited regarding the officer's judgment in engaging in the alleged conduct, it still amounts to verbal harassment.   Thus, even if the plaintiff's allegations are true, he has not stated a cause of action under Eighth Amendment.

The law is settled that verbal  harassment and abuse  and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation.  *See Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993);  *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973); *see also  Blueford v. Prunty,* 108 F.3d 251, 254-55 (9th  Cir. 1997) (holding that prison guard who engaged in "vulgar same-sex trash talk" with inmates was entitled to qualified immunity). Consequently, the conduct Plaintiff attributes to Defendant James will not support a claim of violation of his constitutional rights.   Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319 (1989).[2]

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  The defendants should not construe this Recommendation as the court's endorsement of the conduct alleged by the plaintiff; the conclusions in this Recommendation are limited to the substantive deficiency of the plaintiff's attempt to state a constitutional claim.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before 19 October, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

3

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of October, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE